Kim P. Stansbury                                   Civil Action No. 6:09-0068

versus                                                    Judge Tucker L. Melançon

Sam Jude Holloway                    Magistrate Judge Mildred E. Methvin

## MEMORANDUM RULING

Before the Court is Kim P. Stansbury's Notice Of Appeal and Original Brief from a final judgment of the United States Bankruptcy Court for the Western District of Louisiana ("Bankruptcy Court") [Rec. Doc. 1; 3; 5], the Appeal Brief Of Appellee Sam Jude Holloway [Rec. Doc. 8] and Stansbury's Appellant Reply Brief [Rec. Doc. 11]. For the reasons that follow, the judgment of the Bankruptcy Court will be affirmed.

### *Background*

This matter arises from a bankruptcy proceeding under Chapter 7 filed by Sam Holloway on January 2, 2008. The Bankruptcy Court set the discharge of Holloway's action on April 28, 2008. It is undisputed that by consent motion filed by each party's attorney, the Bankruptcy Court entered an order setting the deadline for filing objections to discharge on April 28, 2008, coinciding with the discharge date. No dischargeability objection was filed by the April 28, 2008 deadline and an Order of Discharge was entered in Holloway's Chapter 7 case on April 28, 2008 at 9:30 A.M.

On April 29th, Stansbury filed a Complaint To Determine Dischargeability and a Motion For Relief From Order pursuant to Bankruptcy Rule 9014, incorporating

Federal Rule of Civil Procedure 60.[1]  *R. 3; 8.*  Thereafter, between May 1, 2008 and July 28, 2008, counsel for Holloway and Stansbury actively engaged in settlement negotiations.  Following numerous exchanges regarding the provisions and conditions of settlement, on July 28, 2008, counsel for Holloway advised counsel for Stansbury that his client's offer of July 21, 2008 was accepted, with further discussions to take place regarding the specific terms.  *R. 5, Exh. 14; 8.*  The July 21, 2008 offer stated that Holloway would accept the last offer Stansbury made and would agree to pay Stansbury "$250 per month for twenty-four months, $500 per month for the next twelve months and $1000 per month thereafter."  The offer further stated that "the amount fo[sic] the settlement, other terms [Holloway] offered regarding the discharge and the release of [Stansbury] are the same."  *R. 3-4, Exh. 12.*

Stansbury then submitted a consent judgment to Holloway for review.  Upon receipt, Holloway advised Stansbury that he would not execute a consent judgment.  *R. 8.*  On July 28, 2008, Stansbury filed a motion to enforce the settlement reached between him and Holloway pursuant to Rule 9014 of the Rules of Bankruptcy Procedure.  The Bankruptcy Court denied the motion on the basis that the record did not clearly indicate that the settlement agreement included the entry of a consent decree.  *R. 3-8, 11/18/2008 Transcript of Bankruptcy Proceedings.*  Stansbury subsequently filed the instant appeal of the Bankruptcy Court's ruling.  *R. 1.*

---

[1] Rule 9014 establishes the general procedures for contested matters before the bankruptcy court and states that a bankruptcy court "may at any stage in a particular matter direct that one or more of the other Rules in Part VII shall apply."  *Fed. Rules Bankr. Proc. Rule 9014.*

*Analysis*

Stansbury ("Appellant") asserts that the Bankruptcy Court erred in denying his Motion To Enforce Settlement and the ruling should be reversed on the basis that a binding, enforceable settlement was effected between the parties. *R. 5.* Appellant contends that the issue before the Bankruptcy Court was whether or not a settlement is enforceable if the parties agreed to a compromise but did not specifically agree to the form used to memorialize the settlement. *Id.* Holloway ("Appellee") argues that the correspondence related to the settlement negotiations establishes not only a lack of agreement as to the terms, but also disagreement with regard to the entry of an enforceable judgment, such as the consent judgment at issue. *R. 8.*

The transcript of the November 18, 2008 Bankruptcy Court proceedings indicates that after reviewing the documents in the record, the Bankruptcy Court found it was clear "that there was the outlines and the terms of the basic settlement that the parties had reached agreement on." *R. 3-8, 11/18/2008 Transcript.* The Bankruptcy Court went on to state, however, "[t]he issue that is not clear from the documents is whether or not that settlement envisioned the entry of an order, an agreed order [] - a consent judgment ... It's not clear from those documents that there was ever a meeting of the mind on those terms." *Id.*

A district court reviews the bankruptcy court's findings of fact for clear error and conclusions of law de novo. *In re Duncan*, 562 F.2d 688, 694 (5th Cir. 2009). A finding of fact is clearly erroneous only if on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed. *Id.*

In his brief, Appellant states without support, "In this case the Bankruptcy Court's conclusions of law are the main focus of this appeal and thus the review is de nov[sic]." *R. 5.* As Appellees correctly point out, this Court's review of the Bankruptcy Court's ruling as to whether or not the settlement was enforceable, involves factual determinations which are reviewed for clear error. *Deville v. U.S. ex rel Dept. of Veterans Affairs,* 202 Fed.Appx. 761, 761 (5th Cir. 2006)(citing *Woodson v. Sugitek, Inc.*, 57 F.3d 1406 1416 (5th Cir. 1995)(affirming the district court's denial of a motion to enforce a settlement as not "clearly erroneous" after the district court found that the settlement discussion did not result in a meeting of the minds).

Appellant argues that "[t]he only form essential for a compromise is a writing." *R. 8.* Appellant further argues that because the parties agreed to the terms in "a writing," a meeting of the minds was signified even though he later required that the "form of the settlement document" be a consent decree. *Id.* In essence, Appellant contends that the inclusion of a consent decree in the settlement, which was not included in the terms to which the parties agreed, is of no moment because a meeting of the minds had already occurred and the consent decree was merely a form to evidence the settlement.

Appellant cites the Bankruptcy Court's ruling *In Re Sunnyside Timber, LLC*, 00-51233 and *In Re Sunnyside Land, LLC*, 0051234, ("*Sunnyside*"), in support of his position. In *Sunnyside*, the bankruptcy court ruled that a valid compromise agreement existed despite disagreement between the parties with the language in drafting the settlement document. *Id.* *Sunnyside* does not address the issue in this case. Here it

4.

is not the language or the terms in the settlement document that are in dispute, rather the issue is whether or not the parties agreed that the settlement included a consent judgment.

Upon review of the record before the Bankruptcy Court, the Court finds that the bankruptcy judge did not clearly err in finding that no meeting of the minds was achieved in the settlement negotiations with regard to a consent judgment being executed. *Parich v. State Farm Mut. Auto. Ins. Co.*, 919 F.2d 906, 914 (5th Cir. 1990) (In order to have a valid compromise under Louisiana law there must be a meeting of the minds between the parties as to what they intended when the compromise was reached. A compromise agreement must therefore be unambiguous, perfect and complete in itself so that nothing is left for ascertainment by parol proof.).

The documents memorializing the settlement agreement fail to demonstrate that Appellee agreed to a consent judgment as part of the settlement. To the contrary, in correspondence dated July 3, 2008, counsel for Appellee made an offer which specifically stated, "any agreement entered into between [Appellee] and [Appellant] is a result of my client's voluntary and willful desire to pay a portion of the debt owed to [Appellant] previously discharged through the bankruptcy filing .... any agreement entered into between my client and [Appellant] is not enforceable pursuant to 11 U.S.C. 524." *R. 3-4; 8, Exh. 9.* Thus, counsel for Appellee indicated that because the debt in question was discharged and the settlement agreement would be voluntary, there was no consideration to execute any form of enforceable document.

Further, the documents before the bankruptcy judge provide no indication that the settlement negotiations included a consent judgment or any enforceable judgment until counsel for Appellee's July 29, 2008 email stating opposition to entry of such a judgment. *R. 3-4, Exh. D-1*. Rather, the July 29th email further indicates that Appellee intended to compromise the matter without a writing, but if Appellant thought "some sort of paperwork is necessary ... [Appellee] could sign a simple letter agreement." *Id.* Taking a position contrary to Appellee's July 29th email, counsel for Appellant responded later that day, "The main thing [Appellant] wants is to be able to enforce the settlement agreement." *Id. at Exh. D-2.*

Accordingly, based on the record, the Court concludes that the Bankruptcy Court did not clearly err in holding that there was no meeting of the minds between the parties as to what they intended with regard to a consent decree when the compromise was reached, as required by *Parich*, 919 F.2d at 914, and the Bankruptcy Court's judgment will be affirmed.